UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 13-10118 |
| | ) | Chapter 11 |
| NORTHERN BEEF PACKERS | ) | |
| LIMITED PARTNERSHIP | ) | |
| Tax ID/EIN: 26-2530200 | ) | Adversary No. |
| | ) | |
| Debtor. | ) | |
| | ) | |
| SDIF LIMITED PARTNERSHIP 6 AND | ) | COMPLAINT TO DETERMINE |
| SDIF LIMITED PARTNERSHIP 9, | ) | VALIDITY, EXTENT AND |
| South Dakota Limited Partnerships, | ) | PRIORITY OF LIENS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NORTHERN BEEF PACKERS | ) | |
| LIMITED PARTNERSHIP; | ) | |
| WHITE OAK GLOBAL ADVISORS, LLC; | ) | |
| OFFICIAL COMMITTEE OF | ) | |
| UNSECURED CREDITORS OF NORTHERN | ) | |
| BEEF PACKERS LIMITED PARTNERSHIP; | ) | |
| SCOTT OLSON DIGGING, INC.; | ) | |
| EPOCH STAR LIMITED; | ) | |
| NORTHWEST PIPE FITTINGS, INC.; | ) | |
| HOUSE OF GLASS, INC.; | ) | |
| CLIMATE MAKERS, INC.; | ) | |
| DIAMOND VOGEL PAINTS; | ) | |
| AXIS CAPITAL, INC.; | ) | |
| BEST BUSINESS PRODUCTS; | ) | |
| CRYOVAC, INC.; | ) | |
| FARNAM STREET FINANCIAL, INC.; | ) | |
| LENOVO FINANCIAL SERVICES; | ) | |
| MARCO; | ) | |
| VAR RESOURCES; | ) | |
| US BANK EQUIPMENT FINANCE; | ) | |
| JARVIS PRODUCTS CORPORATION; | ) | |
| DAEWOO INTERNATIONAL AMERICA | ) | |
| CORP.; | ) | |
| TWIN CITY HIDE, INC.; | ) | |
| WELLS FARGO BANK, NATIONAL | ) | |
| ASSOCIATION ; | ) | |
| MADGID GLOVE & SAFETY MFG. CO. LLC; | ) | |
| HARMS OIL; | ) | |
| WESTERN EQUIPMENT FINANCE; | ) | |
| A-D SERVICES INC.; | ) | |
| ROCKTENN CP LLC, | ) | |
| BROWN COUNTY, SOUTH DAKOTA, | ) | |
| Defendants. | | |

1

Come now the Plaintiffs herein, SDIF Limited Partnership 6 and SDIF Limited Partnership 9, sometimes hereinafter referred to as "Plaintiffs," and state and allege as follows:

1. This is an action to determine the validity, extent and priority of liens in real and personal property of the Debtor, Northern Beef Packers Limited Partnership, sometimes hereinafter referred to as the "Debtor." The Court has jurisdiction over this adversary matter pursuant to 28 U.S.C. § 157 and 1334. This case arises under 11 U.S.C. § 506, 507 and 510, and is brought as an adversary proceeding under Bankruptcy Rule 7001 et seq. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

2. The Debtor herein filed a voluntary petition for relief under 11 U.S.C. Chapter 11 of the Bankruptcy Code on July 19, 2013, which case is pending before this Court. The Debtor continues as a debtor-in-possession of the property of the Bankruptcy estate.

3. Included in the property of the estate is real property legally described as follows:

Parcel I: NBP Lagoon Lot 1 in the Southwest Quarter of Section 7, Township 122 North, Range 63 West of the 5th P.M., according to the plat thereof of record, Brown County, South Dakota; and

Parcel II: Blocks 1, 2, 3, 4, 5, and Lots 1, 2, and 3, Block 6, H & S First Subdivision in the North Half of Section 36, Township 123 North, Range 64 West of the 5th P.M., according to the plat thereof of record, Brown County, South Dakota.

Said real property is not the subject of any motion for relief of the automatic stay or for abandonment, and remains the property of the estate under the jurisdiction of this Court.

4. Also included in property of the estate is personal property generally described as follows:

All equipment, inventory including but not limited to livestock, machinery, furniture, furnishings, accounts receivables, supplies, cash, inventory, and vehicles, now owned or hereafter acquired, by borrower, a South Dakota Limited Partnership, engaged in the operation of beef plant and other related ancillary structures, together with all accessions, parts, attachments, accessories, or appurtenances, appertaining, attached, kept, used or intended for use, and all substitutions, improvements, replacements and additions: all accounts and general intangibles, now existing or subsequently arising; all interests of Borrower [Debtor], now existing or subsequently arising, from the sale or rendition of services to its customers which give rise to any accounts or general intangibles now held or hereafter acquired; all contract rights, now existing or subsequently arising, all chattel paper, documents or instruments relating to accounts; all fixtures now or hereafter affixed, attached or located on the real property described in the Mortgage of even date unless listed as an exception; and the proceeds, products and accessions of and to any and all of the foregoing.

5. On or about November 4, 2010, the Debtor entered into a Credit Agreement with SDIF Limited Partnership 6 for the purpose of obtaining a loan or loans in the principal sum of up to Sixty Million Dollars ($60,000,000.00). A true and correct copy of such Credit Agreement

2

is marked Exhibit A, attached hereto and incorporated herein by this reference. In order to evidence the loan or loans to be made pursuant to said Credit Agreement, the Debtor made in favor of, executed and delivered to SDIF Limited Partnership 6 its Promissory Note, also dated as of November 4, 2010 in the original principal sum of up to Sixty Million Dollars ($60,000,000.00). A true and correct copy of said Promissory Note is marked Exhibit B, attached hereto and incorporated herein by this reference.

6. The Credit Agreement contemplated investments by up to One Hundred Twenty (120) investors participating in the EB-5 Program more specifically known as the Immigration and Nationality Act, § 203(b)(5) et seq. Said Credit Agreement was subsequently amended by an Amended Credit Agreement dated March 4, 2011, a true and correct copy of which is marked Exhibit C, attached hereto and incorporated herein by this reference.

7. By Agreement dated as of the 30th day of August, 2011, the Debtor and both Plaintiffs agreed that of the Sixty Million and 00/100 Dollars ($60,000,000.00) of loans to be made to Debtor, Thirty-Five Million Dollars ($35,000,000.00) would be made by SDIF Limited Partnership 6, and Twenty-Five Million Dollars ($25,000,000.00) would be made by SDIF Limited Partnership 9. As of the date of filing the indebtedness due SDIF Limited Partnership 6 was $34,837,890.41 and the indebtedness due SDIF Limited Partnership 9 was $25,605,613.23.

8. In order to secure the indebtedness due Plaintiffs, the Debtor made in favor of, executed and delivered a Mortgage—One Hundred Eighty Day Redemption encumbering all the real property described in paragraph 3 above. Such Mortgage was dated November 4, 2010 and recorded as Instrument No. 201029445 in Book 546 of Mortgages, page 290 with the Register of Deeds of Brown County, South Dakota. This Mortgage named SDIF Limited Partnership 6 as Mortgagee. A true and correct copy of said Mortgage is marked Exhibit D, attached hereto and incorporated herein by this reference. In order to further secure such indebtedness, the Debtor made in favor of, executed and delivered a Mortgage—One Hundred Eighty Day Redemption encumbering all the real property described in paragraph 3 above. Such Mortgage was dated July 3, 2012 and recorded as Instrument No. 201204794 in Book 656 of Mortgages, page 388 with the Register of Deeds of Brown County, South Dakota. This Mortgage named SDIF Limited Partnership 9 as Mortgagee. A true and correct copy of said Mortgage is marked Exhibit E, attached hereto and incorporated herein by this reference.

9. To further secure repayment of the indebtedness due Plaintiff, Debtor made in favor of, executed and delivered to Plaintiffs a Security Agreement dated November 4, 2010. A true and correct copy of said Security Agreement is marked Exhibit F, attached hereto and incorporated herein by this reference. By the terms of said Security Agreement, Debtor granted to Plaintiffs a security interest in all the personal property described in paragraph 4 above. As shown by the filing information maintained in the Office of the Secretary of State, State of South Dakota, attached hereto collectively as Exhibit G, the security interest granted by said Security Agreement is a perfected security interest.

10. In addition to the previously described real estate mortgages and security agreement, Plaintiffs are the assignees of that certain Collateral Real Estate Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated March 18, 2010, originally made by Debtor in favor of EPOCH Star Limited and the Corrective and Confirmatory Mortgage—Collateral Real Estate Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated July 9, 2010, made by the Debtor in favor of EPOCH Star Limited, all pursuant to assignment dated November 4, 2010.

11. By virtue of the Mortgages made in favor of Plaintiffs, and the Mortgage subsequently assigned to Plaintiffs, Plaintiffs are, subject to the matters set forth in paragraphs 12 and 13 below, the holders of the first priority mortgage lien upon the real property of the Debtor described in paragraph 3 above. Further, by virtue of the Security Agreement made in favor of Plaintiffs, and the Security Agreement assigned to Plaintiffs, and subject to the matters identified in paragraph 15 below, Plaintiffs are the holders of the first priority security interest in the personal property of the Debtors described in paragraph 4 above.

12. Defendant White Oak Global Advisors, LLC is the holder of a Mortgage—One Hundred Eighty Day Redemption Mortgage and Security Agreement with Assignment of Rents and Fixture Filing encumbering all of the real and personal property described in paragraphs 3 and 4 above securing payment of Thirty-Five Million Dollars ($35,000,000.00) plus interest, which Mortgage would constitute a second lien priority, junior to that of the Plaintiffs. The Debtor, Plaintiffs and White Oak Global Advisors, LLC have, however, entered into certain Subordination Agreements by the terms of which Plaintiffs have subordinated their first priority position in favor of White Oak Global Advisors, LLC up to but not in excess of the sum of Forty-Five Million Dollars ($45,000,000.00). True and correct copies of such Subordination Agreements are marked Exhibit H, attached hereby. By the terms of the Stipulation entered into among the Debtor, White Oak Global Advisors, LLC and the Official Committee of Unsecured Creditors of Northern Beef Packers Limited Partnership, the claims and rights on account of indebtedness in excess of Forty Seven Million Dollars ($47,000,000.00) held by White Oak Global Advisors, LLC are to be assigned to an agent of the Official Committee of Unsecured Creditors of Northern Beef Packers Limited Partnership.

13. Scott Olson Digging, Inc. claims a mechanic's lien on the real property described in paragraph 3 above by virtue of the filing of a Mechanic's Lien Statement dated March 26, 2008 pursuant to which a lien in the amount of Two Million One Hundred Fourteen Thousand Nine Hundred Seventy Five and 49/100 Dollars ($2,114,975.49) as of November 29, 2007 is claimed. Upon liquidation of said claim, and in the event any sums are found to be due Scott Olson Digging, Inc., and if it is determined that a lien was properly preserved by the timely filing of a proper mechanic's lien statement as required by statute, any sums so secured by said mechanic's lien statement would have a priority over the Mortgages held by Plaintiffs and White Oak Global Advisors, LLC.

14. Northwest Pipe Fittings, Inc. is the holder of a judgment in the amount of $6,609.84, plus costs which was docketed May 30, 2013. House of Glass, Inc. is the holder of a judgment in the amount of $3,655.57, plus costs and interests docketed July 11, 2013. Diamond Vogel Paints has caused to be filed a lien statement claiming a mechanic's lien in the amount of $2,819.00 which lien claim was filed for record May 3, 2013. Climate Makers, Inc., by and through its agent Perfekt, Inc. has caused to be filed a lien statement claiming a mechanic's lien in the amount of $4,300.00 which lien claim was filed for record July 10, 2013. Any claim or interest held by Northwest Pipe Fittings, Inc.; House of Glass, Inc.; Diamond Vogel Paints; and Climate Makers, Inc. by and through its agent Perfekt, Inc. are junior and inferior to the liens of Plaintiff and Defendant White Oak against the real property described in paragraph 3 hereof.

15. It appears from a search of the Uniform Commercial Code filing records maintained in the Office of the South Dakota Secretary of State, that the following parties may hold or claim a security interest in personal property of the Debtor. To the extent such filings evidence properly perfected purchase money security interests or leases of property, the same would be prior and superior to the security interests held by Plaintiffs. It appears that the following are the parties claiming leases or a security interest in personal property of the Debtor:

A.  Leases

   (1) Axis Capital, Inc. holds a lease, reflected in the filing of a UCC-1 on May 8, 2012. The property leased consists of a 2008 OTTA Tractor. According to the Debtor the balance due as of the date of filing was $35,364.05;
   (2) Axis Capital, Inc. holds a lease reflected in the filing of a UCC-1 November 6, 2012. The property leased consists of equipment from MBA and Lift Solutions. According to the Debtor the balance due as of the date of filing was $187,844.80;
   (3) Best Business Products is the holder of a lease for which no UCC-1 filing was made. The property leased consists of a Canon Imageprofgraf 710 printer. According to the Debtor the balance due as of the date of filing was $1,549.34;
   (4) Cryovac, Inc., a subsidiary of Sealed Air Corporation, holds a lease reflected in the filing of a UCC-1 on August 25, 2008. The property leased consists of 5 rotary vacuum chamber machines, 60 product supports, 5 45-KVA transformers, 2 semi-automatic packaging machines, 1 spare part kit for UV3500, 8 manual bag loaders, 7 manual bag dispensers, 1 manual bag dispenser of a different type, 24 tape wind up units, 5 vacuum installation kits, 16 Busch vacuum pumps, 6 Busch blower systems, 5 variable speed shrink tunnels, and 1 spare parts kit. According to the Debtor the balance due as of the date of filing was $2,104,779.94;
   (5) Farnam Street Financial, Inc. holds a lease reflected in the filing of a UCC-1 filing dated January 17, 2012. The property leased consists of miscellaneous equipment from various vendors including a heating system, office furniture, GP enhancement, handheld with software and related equipment, security system, jug racks, associated software, flexwatch and other equipment related to the foregoing. According to the Debtor the balance due as of the date of filing was not known;
   (6) Lenovo Financial Services holds a lease reflected in the filing of UCC-1 filings dated March 28, 2012 and March 31, 2012. The property leased consists of computer equipment. According to the Debtor the balance due as of the date of filing was $204,564.89;
   (7) MARCO is the holder of a lease for which no UCC-1 filing was made. The property leased consists of 9 Canon IR-4035 copiers. According to the Debtor the balance due as of the date of filing was $97,916.74;
   (8) VAR Resources is the holder of a lease for which no UCC-1 filing was made. The property leased consists of computer software. According to the Debtor the balance due as of the date of filing was $20,505.84;
   (9) US Bank Equipment Finance holds a lease reflected in the filing of a UCC-1 dated January 3, 2013. The property leased consists of copiers. According to the Debtor the balance due as of the date of filing was $20,243.92.

B.  Security Interests

   (1) Daewoo International America Corp. claims a security interest evidenced by a UCC-1 filing dated April 29, 2013 covering accounts receivable, inventory, contract rights, chattel paper, and general intangibles. The Debtor's schedule reflects that the indebtedness was for inventory financing and that there are neither inventory nor accounts receivable included in the estate;
   (2) Twin City Hide, Inc. claims a security interest evidenced by a UCC-1 filing dated April 26, 2013. The Debtor's schedule reflects that no sums are due

    Twin City Hide, Inc. as of the date of filing;

(3) Wells Fargo Bank, National Association claims a security interest evidenced by a UCC-1 dated December 20, 2012 covering accounts receivable, inventory and equipment. Debtor's schedules reflect that Wells Fargo Bank, National Association had no outstanding balance due it as of the date of filing;

(4) White Oak Global Advisors, LLC as agent claims a security interest evidenced by filings of UCC-1 dated September 7, 2012 and November 26, 2012 covering all assets. This creditor has filed a Proof of Claim;

(5) MADGID Glove & Safety Mfg. Co. LLC claims a security interest evidenced by a UCC-1 filing dated October 3, 2012 covering inventory consisting of work clothes, safety clothing and safety products. According to the Debtor's schedules the balance due as of the date of filing was $58,872.96;

(6) Harms Oil claims a security interest evidenced by a UCC-1 filing dated March 12, 2012 covering general equipment as the collateral. According to the Debtor's schedule no indebtedness was owed Harms Oil at the date of filing;

(7) Western Equipment Finance claims a security interest evidenced by a UCC-1 filing dated June 6, 2012 covering inventory. According to the Debtor's schedule the balance due as of the date of filing was $2,727.53;

(8) A-D Services Inc. claims a security interest evidenced by a UCC-1 filing dated May 29, 2012 covering equipment. The Debtor's schedule reflects no indebtedness was due A-D Services Inc. at the date of filing;

(9) EPOCH Star Limited claims a security interest evidenced by UCC-1 filings dated April 23, 2010 and August 2, 2010 covering all assets. The Debtor's schedule reflects no indebtedness was due EPOCH Star Limited as there was an assignment of EPOCH Star Limited's secured position to Plaintiffs;

(10) ROCKTENN CP LLC claims a security interest evidenced by UCC-1 filings dated January 13, 2012 and February 9, 2012 covering equipment. The Debtor's schedule reflects the balance due ROCKTENN as of the date of filing was $88,229.91;

(11) Jarvis Products Corporation claims a security interest evidenced by a UCC-1 filing dated January 17, 2012 covering accounts receivable, inventory, contract rights, chattel paper, and general intangibles. According to the Debtor's schedule no indebtedness was owed Jarvis Products Corporation at the date of filing.

16. Current information provided by Clark Title Company reflects that real property taxes for the year 2012, payable in 2013, and special assessments, are due Brown County, South Dakota. The statutory lien securing payment of such real property taxes and special assessments may not be disturbed or discharged by these proceedings.

WHEREFORE, Plaintiffs pray that the Court enter its judgment providing relief as follows:

1. That the Court determine that the mortgage liens and security interests of the Plaintiffs herein are the first and prior liens securing the sum of $60,443,503.64, and are prior and superior to the liens and claims of all other parties, including claims of the Official Committee of Unsecured Creditors of Northern Beef Packers Limited Partnership, save and except the claims of: White Oak Global Advisors, LLC to the extent of up to Forty-Five Million Dollars ($45,000,000.00); the interests of Scott Olson Digging, Inc. when the amount of any such claim is determined and in the event that a mechanic's lien was properly preserved by the

timely filing of a proper mechanic's lien statement; by the claims of personal property lessors listed as defendants herein who are owed sums by the Debtor pursuant to valid leases; and to the security interests of creditors owed sums by the Debtor at the date of filing who hold properly perfected security interests entitled to purchase money priority in personal property of the Debtor; all pursuant to 11 U.S.C. § 506, 507 and 510; and

2. That the Court determine that the claims or interests of Diamond Vogel Paints; Climate Makers, Inc.; Northwest Pipe Fittings, Inc.; and House of Glass, Inc. are junior and inferior to all other claims against the real property owned by the Debtor; and

3. That the Court determine the property subject to valid leases between the Debtor and the lessors identified in Section 15. A. herein, and the sums due from the Debtor to each of such lessors;

4. That the Court determine whether the secured claims of any of the creditors listed in Section 15. B. herein are property perfected purchase money security interests; and as to any such properly perfected purchase money security interests, the sum due such creditor;

5. That the Court order, adjudge and decree that Daewoo International America Corp.; Twin City Hide, Inc.; Wells Fargo Bank, National Association; Harms Oil; A-D Services, Inc.; and EPOCH Star Limited are currently owed no indebtedness and do not have secured positions with respect to any property of the Debtor; and

6. That the Court grant such other, further or different relief as it may be just, proper and equitable.

Dated this 5th day of November, 2013.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

/s/ Robert E. Hayes
Robert E. Hayes
Keith A. Gauer
206 West 14th Street
P.O. Box 1030
Sioux Falls, SD 57101-1030
(605) 336-2880
   Attorneys for SDIF Limited Partnership 6 and
   SDIF Limited Partnership 9