UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| In Re:<br><br>NORTHERN BEEF PACKERS LIMITED<br>PARTNERSHIP, a South Dakota limited<br>Partnership,<br>TAX ID/EIN: 26-2530200<br><br>        Debtor. | Bankr. Case No. 13 - 10118<br>Chapter 11 |

| | |
|---|---|
| SDIF LIMITED PARTNERSHIP 6 AND<br>SDIF LIMITED PARTNERSHIP 9,<br>South Dakota Limited Partnerships,<br><br>        Plaintiffs,<br><br>vs.<br><br>NORTHERN BEEF PACKERS<br>LIMITED PARTNERSHIP;<br>WHITE OAK GLOBAL ADVISORS, LLC;<br>OFFICIAL COMMITTEE OF<br>UNSECURED CREDITORS OF NORTHERN<br>BEEF PACKERS LIMITED PARTNERSHIP;<br>SCOTT OLSON DIGGING, INC.;<br>EPOCH STAR LIMITED;<br>NORTHWEST PIPE FITTINGS, INC.;<br>HOUSE OF GLASS, INC.;<br>CLIMATE MAKERS, INC.;<br>DIAMOND VOGEL PAINTS;<br>AXIS CAPITAL, INC.;<br>BEST BUSINESS PRODUCTS;<br>CRYOVAC, INC.;<br>FARNAM STREET FINANCIAL, INC.;<br>LENOVO FINANCIAL SERVICES;<br>MARCO; | Adversary No. 13 - 01016<br><br>**SCOTT OLSON DIGGING, INC.'S APPLICATION FOR COMPENSATION AND/OR REIMBURSEMENT FOR ATTORNEY'S FEES, COSTS, AND EXPENSES** |

1

VAR RESOURCES;
US BANK EQUIPMENT FINANCE;
JARVIS PRODUCTS CORPORATION;
DAEWOO INTERNATIONAL AMERICA CORP;
TWIN CITY HIDE, INC.;
WELLS FARGO BANK, NATIONAL ASSOCIATION;
MADGID GLOVE & SAFETY MFG. CO. LLC;
HARMS OIL;
WESTERN EQUIPMENT FINANCE;
A-D SERVICES, INC.;
ROCKTENN CP LLC; and
BROWN COUNTY, SOUTH DAKOTA;

       Defendants.

---

       Comes now the above-named Defendant Scott Olson Digging, Inc. (hereinafter "Olson") by and through its counsel of record, pursuant to the Court's <u>Amended Decision Re: Claim of Defendant Scott Olson Digging, Inc.</u> (Adversary No: 13-01016, ECF doc 328), and hereby respectfully submits this <u>Application for Compensation and/or Reimbursement for Attorney's Fees, Costs, and Expenses</u>. This Application is made pursuant to SDCL 44-9-42, 11 U.S.C 506(b), and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure. In support of this Application, Olson provides the following:

       1.    There is attached hereto, and incorporated herein by reference, a spreadsheet identified as Exhibit A, that summarizes the attorney's fees, and the costs, disbursements, and expenses incurred by Olson in this matter.

       2.    There is attached hereto, and incorporated herein by reference, the <u>Affidavit of Matthew P. Bock</u> and detailed statements of the legal services provided by the law firm of Woods, Fuller, Shultz & Smith, regarding a circuit court matter, captioned

2

as <u>Northern Beef Packers Limited Partnership and H & S Land and Livestock, LLC vs. Scott Olson Digging, Inc. and Scott Olson</u>, Brown County CIV. 08-990, in Circuit Court, Fifth Judicial Circuit, Brown County, South Dakota; which was the underlying cause of action for Olson's claim against the Debtor in the above-entitled matters in bankruptcy. *See also* Proof of Claim 69 in Case 13-10118, filed by Olson on September 20, 2013. The law firm of Woods, Fuller, Shultz & Smith represented Olson relating to the recording of said Mechanic's Lien, and the litigation related to the underlying circuit court matter, CIV. 08-990, from about January 16, 2008 to about July 22, 2011. Said detailed statements set forth the services rendered, the time expended, and the expenses incurred.

    3.    There is attached hereto, and incorporated herein by reference, the <u>Affidavit of Thomas M. Tobin</u> and a detailed statement of the legal services provided by the law firm of Tonner, Tobin & King, LLP, relating to litigation of the underlying circuit court matter, CIV. 08-990, from about January 17, 2011 to about July 24, 2012. Said detailed statement sets forth the services rendered, the time expended, and the expenses incurred.

    4.    There is attached hereto, and incorporated herein by reference, the <u>Affidavit of Clair R. Gerry</u> and a detailed statement of the legal services provided by the law firm of Gerry & Kulm Ask, Prof. LLC, relating to Olson's Proof of Claim in Case 13-10118, from about July 9, 2013 to the present date. Said detailed statement sets forth the services rendered, the time expended, and the expenses incurred.

5.  There is attached hereto, and incorporated herein by reference, the Affidavit of Gary W. Schumacher and detailed statements of the legal services provided by the law firm of Wilkinson & Wilkinson, regarding litigation of the underlying circuit court matter, Brown County CIV. 08-990; and also relating to Olson's Proof of Claim in Case 13-10118, from about July 12, 2102 to the present date.  Said detailed statements set forth the services rendered, the time expended, and the expenses incurred.

6.  No payments have been made to Olson for said attorney's fees, costs, and expenses incurred in the underlying circuit court action and further incurred in this bankruptcy proceeding.

7.  This Court has authority to grant Olson attorney's fees and costs pursuant to SDCL 44-9-42.[1]  *See also* Wald, Incorporated v. Stanley, 2005 SD 112 ¶ 16, 706 N.W.2d 626, 631 (holding "[t]he court held that 'the Stanleys' refusal to make further payments and demand for additional consideration constitutes a breach of the contract between the Stanleys and Wald.'  Thus, in making the final decision to award Wald attorney's fees, the circuit court explained that 'because the Stanleys filed a demand requiring Wald to foreclose it mechanic's lien' the fees were warranted and necessary under SDCL 44-9-42." *See also* Duffield Construction, Inc. v. Baldwin, 2004 SD 51 ¶ 19, 679 N.W.2d 477, 483 (holding, "in awarding attorney's fees [to the contractor] the

---

[1] SDCL 44-9-42.  Foreclosure of lien--Allowance of fees and expenses, attorneys, receivers, exception
The court shall have authority in its discretion to allow such attorney's fees and receiver's fees and other expenses as to it may seem warranted and necessary according to the circumstances of each case, and except as otherwise specifically provided in this chapter.

4

trial court noted the inconsistent legal positions taken by Baldwins throughout this litigation.").

8.      Further, Section 506(b) of the Bankruptcy Code allows a fully secured creditor to recover certain post-petition costs, including reasonable attorney's fees and costs. United States v. Ron Pair Enterprises, 489 U.S. 235, 240 (1989).

Dated this 28th day of November, 2014.

                Respectfully submitted,

                WILKINSON & WILKINSON

                /s/ Gary W. Schumacher
                Gary W. Schumacher
                103 Joliet Avenue SE
                P.O. Box 29
                De Smet, South Dakota 57231
                (605) 854-3378  telephone
                (605) 854-9006  facsimile
                gary@wslawfirm.net
                *Attorneys for Defendant Scott Olson*
                  *Digging, Inc.*

and

                GERRY & KULM ASK, PROF. LLC

                /s/ Clair R. Gerry
                Clair R. Gerry
                507 W. 10th Street
                P.O. Box 966
                Sioux Falls, South Dakota 57101-0966
                (605) 336-6400  telephone
                (605) 336-6842  facsimile
                gerry@sgsllc.com
                *Attorneys for Defendant Scott Olson*
                  *Digging, Inc.*